JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Appellant-father, D.B., appeals from an order by the juvenile division of the court of common pleas that granted permanent custody of his two children, 16-year-old son, A.B., and 15-year-old daughter, J.B., to the Cuyahoga County Department of Children and Family Services ("the agency"). His sole assignment of error is that the court lacked clear and convincing evidence to find that the best interest of the children required that it grant permanent custody to the agency.
 {¶ 2} The children had been in the temporary custody of the agency since April 2005. Their mother had a history of drug and alcohol abuse, was homeless, and could not provide for the children. Despite having notice, she did not appear at any of the proceedings in this case and is not a party to this appeal.
 {¶ 3} The father also had a history of drug and alcohol abuse. At the time the agency took custody of the children, the father was incarcerated on escape charges. The children were placed in the care of a maternal aunt. They apparently found her household rules too constricting and began acting defiantly. As a consequence, the son was confined to the Ohio Department of Youth Services. The aunt then requested that the daughter be removed from her home. There were no other family members to take the daughter, so she was placed in foster care.
 {¶ 4} After the father's release from prison in March 2007, both children expressed a desire to live with him. The father testified that he was physically disabled and received disability benefits from the Veterans Administration. He obtained housing after his release *Page 5 
from prison, but later lost it for lack of funds, claiming that the mother was receiving his disability benefits while he was in prison and he had not yet been able to redirect those benefits to himself. He then relapsed into alcohol use and voluntarily admitted himself into an in-patient treatment program with the Veterans Administration. That relapse occurred when the father and the mother were together. When the children discovered that the father had been associating with their mother, they changed their minds about wanting to live with him.
 {¶ 5} Relevant to this case, the court terminated parental rights by finding clear and convincing evidence that 1) permanent custody was in the best interest of the children and 2) the children had been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period. See R.C. 2151.414(B)(1)(d). The father does not dispute the court's finding that the children had been in the agency's temporary custody for 12 or more months of a consecutive 22-month period. The only question on appeal is whether the court had clear and convincing evidence to show that a grant of permanent custody was in the best interest of the children.
 {¶ 6} When considering whether there is clear and convincing evidence that a child's best interest requires the court to grant permanent custody to a children services agency, the court must consider the non-exhaustive factors set forth in R.C. 2151.414(D):
 {¶ 7} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; *Page 6 
 {¶ 8} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 9} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 10} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 11} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 12} Although the court must consider all of the R.C. 2151.414(D) factors, only one of them needs to be resolved in favor of the award of permanent custody in order for the court to terminate parental rights. See In re Z.T., Cuyahoga App. No. 88009, 2007-Ohio-827, at ¶ 56; In reT.M., Cuyahoga App. No. 83933, 2004-Ohio-5222. "Clear and convincing" evidence is evidence sufficient to cause the trier of fact to develop a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. An appellate court will not reverse a trial court's decision on parental rights and custody unless it finds that the decision is unsupported by "sufficient evidence to meet the clear and convincing standard of proof." In re Dylan C. (1997), 121 Ohio App.3d 115, 121. *Page 7 
 {¶ 13} Findings of fact attached to the court's judgment entry granting the agency's motion for permanent custody show that the court considered the factors set forth in R.C. 2151.414(D)(1)-(4). Those factors show that the children had only minimal interaction with the father because of his incarceration, although the father had communicated through written correspondence with the son while in prison. The father did not correspond with the daughter during his incarceration but, after his release, he had contact with her at the home of her foster parents. Those visits "dwindled away," however, and the social worker assigned to the case could not explain why that had happened. The maternal aunt had allowed the children to live with her but later asked that they be removed because of unruly behavior. The children claimed to love their aunt, but found her strict household rules too oppressive. There were no other relatives willing to care for the children.
 {¶ 14} At trial, the court heard evidence that, contrary to their earlier stated wishes, the children had expressed a desire not to be placed with their father. The guardian ad litem for the children told the court that the daughter "clearly states that she wishes that this Court grant permanent custody" so that she might be adopted by her current foster mother. The guardian ad litem acknowledged that the son had fewer options given his current detention, but hoped for placement with a family member. The children expressed a strong desire to be kept together, although that goal remained elusive given the son's juvenile detention. At the time the court rendered judgment, the children were 15 and 16 years of age — and the social worker assigned to their case had in the past given their wishes significant weight. The guardian ad litem for the children recommended giving the agency permanent custody. *Page 8 
 {¶ 15} The children had a lengthy custodial history with the agency. The agency showed that the children were not in the custody of the parents from 1995-2002, and then from April 2005 to the time of trial. There were no relatives willing to care for the children.
 {¶ 16} Finally, the need for a legally secure placement took the form of evidence that the parents had "failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside the home." The father's relapse into substance abuse was particularly compelling because he did so immediately after the court delayed making a disposition in this case in order to give him a few months to make progress on his case plan. The father did not establish stable housing because he had entered an in-patient substance abuse treatment program. Finally, the father had been found associating with the children's mother in contravention of his own acknowledgment that he needed to stay away from her.
 {¶ 17} The father did not appear to understand, nor know how to address, the special emotional needs of his children. Both children were diagnosed with defiance disorder, and that disorder had adversely affected their home lives and education. Moreover, with the children themselves at a vulnerable period in their lives in terms of substance abuse and unruly conduct, the father's relapse into substance abuse so soon after his release from incarceration and his poor judgment in associating with the mother of the children did not bode well for his ability to address his children's needs. He had no housing arranged in anticipation of his release from in-patient care, and his ability to provide financial support for the children was tenuous. We conclude that this constituted clear and convincing evidence to *Page 9 
support the court's finding that permanent custody would be in the best interest of the children. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1